UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASSET FUNDING GROUP
INVESTMENTS FUND 2, L.L.C.

VERSUS

LEXINGTON INSURANCE COMPANY

**DO NOT PUBLISH**

CIVIL ACTION

NO. 07-426-A

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2007 NOV 20  P 4: 03

BY DEPUTY CLERK

# RULING ON MOTION TO TRANSFER VENUE AND CONSOLIDATE

This matter is before the court on a motion by defendant, Lexington Insurance Company ("Lexington"), to transfer venue "and consolidate" (doc. 45). The motion is opposed by plaintiff, Asset Funding Group Investment Fund 2, L.L.C. ("AFG") (doc. 51). Defendant has filed a reply to plaintiff's opposition (doc. 55). Jurisdiction is based on 28 U.S.C. 1332. Though Lexington has requested oral argument (doc. 47), there is no need.

## FACTS AND PROCEDURAL HISTORY

On May 11, 2007, AFG filed suit against Lexington in the Nineteenth Judicial District, Parish of East Baton Rouge. The petition alleges that Lexington breached its duty of good faith in the manner in which it has handled an insurance claim by AFG for property damage caused by Hurricane Katrina. AFG seeks damages,

1

statutory penalties, attorney fees and costs pursuant to La. R.S. 22:1220[1] and La. R.S. 22:658.[2]  (doc. 1, Ex. 2, p. 4).

According to the petition, AFG leased property located at 1255 Peters Road in Harvey, Louisiana, to Evans Industries, Inc. ("Evans").[3] The lease required Evans to maintain insurance coverage for the full replacement cost of all buildings and improvements on the property and also stipulated that AFG must be made an "additional insured" under the policy.  Evans purchased a comprehensive policy from Lexington that covered the property at 1255 Peters Road as well as additional property at 2800 Peters Road.  The policy provided a coverage limit of $15,000,000 and listed AFG as a mortgagee/loss payee.  The policy stated coverage from May, 3, 2005 until May 3, 2006.  (doc. 1, Ex. 2, pp. 2-3).

Plaintiff alleges that, on August 29, 2005, Hurricane Katrina caused severe wind damage to the property it leased to Evans and Lexington was notified of the damage by September 1, 2005.  Evans hired American Construction Management Services, Inc. ("ACMS") to investigate the damage.  In November, 2005, ACMS issued a report estimating that the hurricane had caused $6,839,404.22 wind

---

[1]La. R.S. 22:1220 provides, inter alia, that "[a]n insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both.  Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach."

[2]La. R.S. 22:658 provides, inter alia, that insurers who fail to pay or offer to settle claims within given time limits may be subject to penalties.

[3]Though the original petition also listed property at 2800 Peters Road, plaintiff, after removal, filed an amended complaint listing only the property at 1255 Peters Road (doc. 50, p. 2).

damage to the property at 1255 Peters Road.  According to AFG, Lexington has failed to pay its claim under the policy and has also failed to cooperate or update AFG on the status of its claim.  (doc. 1, Ex. 2, pp. 2-3).

The suit was removed to the Middle District of Louisiana on June 19, 2007 (doc. 1).  On July 13, 2007, Lexington filed a notice of bankruptcy and automatic stay[4] (doc. 7).  On August 6, 2007, Lexington filed an unopposed motion to withdraw the notice of bankruptcy and automatic stay (doc. 9) and filed its answer (doc. 10).  Lexington then filed an interpleader by third-party complaint and counterclaim on August 16, 2007, and filed an amended interpleader by third-party complaint and counterclaim on August 17, 2007 (doc. 29).

Lexington contends that Evans, AFG, the Evans Bankruptcy Distribution Trust, and Greif, USA, L.L.C. ("Greif")[5] are all adverse claimants to the policy proceeds.  Through the interpleader, Lexington seeks to deposit the sum of $194,177.92 into the registry of the court and be "discharged from litigation and all liability with prejudice."  Lexington also seeks to be awarded attorney fees and costs in connection with filing the interpleader. (doc. 29).

---

[4]In its notice of bankruptcy and automatic stay, Lexington noted that Evans had filed a Chapter 11 petition for bankruptcy relief on April 25, 2006, in the United States Bankruptcy Court, Eastern District of Louisiana, Case Number 06-10370 (doc. 7).

[5]Greif's claim is based on a fire that occurred at 1255 Peters Road on December 31, 2006.  The fire is an entirely separate occurrence from Hurricane Katrina and occurred outside of the initial year of coverage.  Greif, however, filed its insurance claim on the renewed policy, and Lexington contends that there is a strong possibility that Greif's claim may overlap claims made by others.  Thus, Lexington concludes that inclusion of this claimant in the interpleader is proper. (doc. 46, p. 4, n. 5).

On September 5, 2007, AFG moved to dismiss the interpleader (doc. 37). Lexington then filed a motion to transfer the case to the Eastern District of Louisiana and consolidate it with Case Number 07-6423, filed by R. Patrick Sharp, III, the Distribution Trustee of Evans Industries, Inc. ("Distribution Trustee")[6] (doc. 45).

## LAW AND DISCUSSION

The change of venue statute, 18 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Because the case at bar arises out of property damage that is alleged to have occurred in the Eastern District of Louisiana, the action could have originally been filed there. *See* 28 U.S.C. § 1391. The question, therefore, becomes whether transfer to the Eastern District would serve the convenience of parties and witnesses, in the interest of justice.[7] The Fifth Circuit recently stated that "when

---

[6] Distribution Trustee filed the petition on August 28, 2007 in the Twenty-Fourth Judicial District, Parish of Jefferson, seeking coverage for property damage to 2800 Peters Road as well as coverage for business interruption (doc. 46, Ex. F). According to defendant, the case was subsequently removed to the Eastern District of Louisiana (doc. 46, p. 5).

[7] AFG contends that a plaintiff's choice of forum should rarely be disturbed and a defendant bears the burden of demonstrating that the balance of convenience and justice weighs heavily in favor of the transfer (doc. 51, p. 5-6). The Fifth Circuit Court of Appeals, however, in *In re Volkswagen, Inc.*, ___ F.3d___, (5th Cir. 2007), acknowledged that its previous decisions "have not been a model of clarity," and stated that, in seeking a § 1404(a) transfer, the moving party bears the burden of showing that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered." *Id.*

4

considering a § 1404 motion to transfer, a district court should consider a number of private and public interest factors, 'none of which can be said to be of dispositive weight.'" *In re Volkswagen of America, Inc.*, ___ F.3d ___ (5th Cir. 2007) (quoting *Action Industries, Inc. V. U.S. Fidelity & Guarantee Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

"The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen*, ___ F.3d ___ (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252 70 L.Ed.2d 419 (1981)).

As noted *supra*, the property allegedly damaged by Hurricane Katrina is situated in the Eastern District of Louisiana. Because the physical evidence is present there and no evidence has been shown to be present in the Middle District, the first factor weighs in favor of transfer.

The second factor does not weigh heavily either way. Though the repair estimates were performed in the Eastern District and eyewitnesses are most likely to reside there, the subpoena power of both district courts extends throughout the Harvey area.

The third factor weighs in favor of transfer. Though witnesses are likely present in the Eastern District, no suggestion has been made that any witnesses

reside in the Middle District. Therefore, transfer would likely result in a decrease in the cost of attendance for willing witnesses. The Fifth Circuit has noted that "it is an 'obvious conclusion' that it is more convenient for witnesses to testify at home and that '[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time with which fact witnesses must be away from their regular employment." *In re Volkswagen*, ___ F.3d ___ (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

The fourth private interest factor also supports transfer to the Eastern District of Louisiana. Plaintiff, AFG, has failed to demonstrate any relevant factual connection to the Middle District of Louisiana. On the other hand, the factors already mentioned, combined with the fact that litigation involving common questions of law and fact is already pending in the Eastern District, support a finding that transfer would make the overall litigation easier, more expeditious and less expensive.

The public interest factors to be considered by the court are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, ___ F.3d ___ (citing *Piper Aircraft*, 454 U.S. at 241 n. 6).

The first public interest factor has no bearing on the analysis because no evidence has been presented from which this court can conclude that court congestion would produce administrative difficulties in either district. Factors three and four also have no bearing on the decision due to the fact that the motion at bar seeks to transfer the case to another district within the same state.

The second factor, however, the local interest in having localized interests decided at home, weighs strongly in favor of transfer to the Eastern District of Louisiana. The property damage occurred in the Eastern District. Two of the third-party defendants reside there,[8] and the case demonstrates no relevant factual connection with the Middle District. The Fifth Circuit in *In re Volkswagen*, stated that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." ___ F.3d ___ (quoting *Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295, 296 (5th Cir. 1963).

Having considered the relevant private and public interest factors, the court notes that no relevant factor weighs against transfer and concludes that transfer of the case at bar to the Eastern District of Louisiana would serve the convenience of parties and witnesses, in the interest of justice.

Finally, defendant seeks to have the case at bar consolidated with a case pending in the Eastern District of Louisiana pursuant to Fed.R.Civ.P. 42 (doc. 45).

---

[8]Plaintiff, who opposes this motion, has acknowledged that, upon his information and belief, Evans has a principal place of business in Harvey, Louisiana, and Distribution Trustee resides there as well (doc. 46. Ex. B).

Rule 42(a) provides that, "[w]hen actions involving a common question of law or fact are before the court, . . . it may order all the actions consolidated." Because the case filed in the Eastern District is not before this court, Rule 42 is inapplicable and the cases may not be consolidated by this court. See, e.g., *Town of Warwick, N.Y. v. New Jersey Dept. Of Environmental Protection*, 647 F.Supp. 1322, 1324 (S.D.N.Y. 1986) (holding that Fed.R.Civ.P. 42(a) "is inapplicable when cases are pending in different districts); *Smith v. City of New York*, 950 F.Supp. 55, 59 (E.D.N.Y. 1996) (holding that "a district court may not consolidate an action pending before it with an action pending in another district court").

## CONCLUSION

Accordingly, the motion by defendant, Lexington Insurance Company, to transfer venue (doc. 45) is **GRANTED** insofar as it seeks to have the case transferred to the Eastern District of Louisiana. The motion to consolidate will depend upon the Eastern District. The request for oral argument, filed by Lexington Insurance Company, is hereby **DENIED**.

Baton Rouge, Louisiana, November 20, 2007.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA